THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS DIAZ-CONCEPCION

   Petitioner,

   v.

UNITED STATES OF AMERICA,

   Respondent.

Civil No. 18-1833(ADC)
[Related to Crim. No. 15-281 (CCC)]

## OPINION AND ORDER

On November 5, 2018,[1] Carlos Díaz-Concepción ("petitioner") filed a *pro se* petition under 28 U.S.C. § 2255 ("petition"). **ECF No. 1**. On January 7, 2019, the Government filed a motion to dismiss. **ECF No. 3**. Petitioner filed a response. **ECF No. 6**.

## I.      Procedural and factual background

On October 19, 2014, petitioner was found to be in possession of a loaded machine gun, three magazines loaded with ammunition,[2] thirteen individually packaged bags of cocaine, one bag of marijuana, and $3,138.00 in cash while driving a motorcycle in Puerto Rico. After plea negotiations, petitioner pleaded guilty to a one-count Information charging him with possession of a firearm (not a machine gun) in furtherance of a drug trafficking crime. **Crim. No. 15-281 (CCC), ECF Nos. 4-6.** Specifically, petitioner signed a plea agreement and a stipulation of facts,

---

[1] This case was reassigned to the undersigned on March 17, 2021. **ECF No. 7**.

[2] The magazine on the pistol was loaded with 15 rounds of ammunition, the second was loaded with 22 rounds and the third with 11 rounds of ammunition.

whereby he "agreed that it was a true and accurate summary of the facts leading to his

acceptance of criminal responsibility for violating 18 U.S.C. § 924(c)(1)(A)." *United States v. Díaz-*

*Concepción*, 860 F.3d 32, 34 (1st Cir. 2017). It further stated that petitioner "acknowledges that he

possessed a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i)."

*Id*.

Accordingly, petitioner was sentenced to 96 months of imprisonment. **Crim. No. 15-281**

**(CCC), ECF No. 37-38.** Petitioner filed an appeal. However, the Court of Appeals affirmed his

conviction and sentence. *United States v. Díaz-Concepción*, 860 F.3d at 32.

Petitioner argues that his sentence "is now vague and in excess under 924(c)" pursuant

to "recent" Supreme Court precedent. **ECF No. 1** at 4.[3] The "extra three years of his sentence

under the 924(c)… are unconstitutional[,]" petitioner added. *Id*. Furthermore, petitioner stated

that the "firearm charge changed, in that it no longer alleged that the firearm at issue was a

machine gun" and the drug charge was "drop[ped]." *Id*., at 5.

The government moved to dismiss the petition. **ECF No. 3**. The government argued that,

assuming petitioner was alluding to *Johnson v. United States*, 576 U.S. 591 (2015) in his petition,

petitioner was not entitled to § 2255 relief based on *Johnson* because (i) his conviction is not tied

to any crime of violence, but rather to a "drug trafficking crime," and (ii) unlike the residual

clause held unconstitutionally vague in *Johnson*, § 924(c)(2) clearly defines a "drug trafficking

crime" as any felony punishable under "Controlled Substances Act (21 U.S.C. 801 et seq.), the

---

[3] Notably, however, petitioner did not cite any caselaw in support.

Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."

*Id.*, at 2. The government also posited that petitioner's sentence does not exceed the maximum

sentence authorized by § 924, which is a sentence of life imprisonment. *Id*.

Petitioner replied by asserting, without more, "*Johnson* and its ramifications appl[y] to

924(c)(1)(A)(i)." **ECF No. 6** at 1-2. Petitioner went on to claim that he was not charged with

possession of a machine gun and that he did not "use" the gun. *Id*. In his reply, petitioner

proffers case law holding "924(c)(3)(B)'s residual clause" unconstitutionally vague. *Id.*, at 4.

Next, petitioner admittedly[4] rehashes arguments raised in his appeal, which were denied by the

Court of Appeals. "Petitioner thought he accepted a plea where he faced a 60[-]month sentence."

*Id.*, at 7. For the first time in this case, in his response to the government's motion to dismiss,

petitioner attributes his confusion to counsel's "ill-advice." *Id.*, at 6.[5]

## II.    Legal standard

"Section 2255 is not a surrogate for a direct appeal." *David v. United States*, 134 F.3d 470,

474 (1st Cir. 1998). "Rather, the statute provides for post-conviction relief in four instances,

namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was

imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was

otherwise subject to collateral attack." *Id.* The "catch-all" fourth category includes only errors that

reveal "fundamental defects" which, if uncorrected, will "result in a complete miscarriage of

---

[4] "The argument… is not new." **ECF No. 6** at 5.

[5] Notably, defendant did not raise an ineffective assistance of counsel claim in his petition.

justice." *Id.* (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Accordingly, the burden is on

the petitioner to make out a case for § 2255 relief because his claim "must reveal exceptional

circumstances that make the need for redress evident." *Id.* Therefore, the Court may deny the

petition without an evidentiary hearing if the "motion and the files and records of the case do

not conclusively show that [he] is entitled to relief." *United States v. Giardino*, 797 F.2d 30, 32 (1st

Cir. 1986) (internal citation and quotations omitted).

### III.    Discussion

#### A. Petitioner's arguments under *Johnson*

Petitioner's arguments are unavailing. First, petitioner's theory under *Johnson* is

unsuccessful. Albeit implicitly, petitioner admits that *Johnson* and its progeny address "residual

clauses" and their unconstitutionally vague text, which is not the case here.

In its motion to dismiss, the government pointed out that the Court of Appeals for the

First Circuit addressed this particular issue in a Judgment denying a successive motion 28 U.S.C.

§ 2255. Indeed, addressing a similar argument, the Court of Appeals explained that it was

"based on *Johnson…* in which the Supreme Court held that the Armed Career Criminal Act's

residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. But because petitioner

was convicted of possessing a firearm in furtherance of a drug trafficking crime, in violation of

18 U.S.C. § 924(c)(1)(A), he has not made a prima facie showing that *Johnson* has any relevance

to the facts of his case." *Pérez-Prado v United States* **Crim. No. 10-309(GAG)**, **ECF No. 507,** App.

No. 16-1611 (internal quotation marks omitted).

Moreover, as pointed out by the government, other Circuits have reached the same conclusion: that *Johnson* does not affect drug trafficking-related convictions under § 924(c). To wit, interpreting § 924(c), the Third Circuit "[saw] no need to determine whether this clause is constitutional in the wake of *Johnson* because *Johnson* does not call into question the statute's unambiguous definition of drug trafficking crime." *U.S. v. Parnell*, 652 Fed. Appx. 117, 122 (3d Cir. 2016)(unpublished) (internal quotation marks omitted). Likewise, the Fourth Circuit denied a *Johnson* challenge to a § 924(c) sentence where defendant's conviction was based on a drug trafficking crime and a crime of violence. *United States v. Hare*, 820 F.3d 93, 105-06 (4th Cir. 2016). Other Courts agree. *See U.S. v. Gibson*, 3:08-1057-CMC, 2016 WL 3552008, at *2 (D.S.C. June 30, 2016)("Defendant's underlying conviction, upon which his § 924(c) conviction was based, was not a crime of violence as set forth in § 924(c)(3). Instead, Defendant was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). This qualifies as a drug trafficking crime as listed in § 924(c)(2), and has no bearing on the crime of violence analysis")(internal quotations marks omitted).

Accordingly, petitioner's undeveloped argument under *Johnson* is meritless and denied.

**B. Ineffective assistance of counsel**

Petitioner's *Johnson* challenge to § 924(c) was the only claim raised in his petition. **ECF No. 1**. It was not until petitioner filed his response to the government's motion to dismiss that he raised a vague, ineffective assistance of counsel claim. Even though the petition was filed pro se, which moves this Court to liberally construe his claims, the petition fails to even hint an

ineffective assistance ground. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Indeed, the petition

makes no assertion whatsoever standing for the proposition that petitioner's counsel was

constitutionally ineffective at any stage of the proceedings. *See* **ECF No. 1**.

Even if the Court accepted petitioner's argument raised via response to a motion to

dismiss, it is also untimely. *See* **ECF No. 6**. The government's motion to dismiss was filed on

January 7, 2019. **ECF No. 3**. A month later, on February 12, 2019, petitioner requested an

extension of time to file a response. **ECF No. 4**. Even though petitioner's request for an extension

was untimely in itself, the Court (before the case was reassigned to the undersigned) granted

petitioner "until March 14, 2019 **as a final extension** for petitioner to oppose the dismissal

motion." **ECF No. 5** (emphasis added).

Notwithstanding, petitioner's response was docketed on April 12, 2019, almost a month

late. **ECF No. 6**. According to the United States Postal Service stamp on the envelop, **ECF No. 6-**

**1**, the postage was paid on April 11, 2019. Aside from the fact that the envelop date-stamp shows

it was mailed late, it is worth noting that petitioner also signed his response after the "final"

extension of time had elapsed. To wit, the response was signed on March 28, 2019, two weeks

after the Court's deadline. Therefore, petitioner's response is untimely. It is well settled that

"pro se status does not insulate a party from complying with procedural and substantive law."

*Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

But even if the Court entertained this untimely claim, it would still fail. The liberal

interpretation triggered by petitioner's pro se filings, does not extend to condone the lack of

"sufficient facts." *Ahmed v. Rosenblatt*, 118 F.3d 890. That is, petitioner needed to plead "sufficient facts[,]" so that the "court may intuit the correct cause of action, even if it was imperfectly pled." *Id*. Petitioner failed to meet this minimum requirement.

As a matter of fact, if the Court were to liberally construe his arguments and piece-together the scattered statements faulting counsel's performance,[6] this argument would also fail. To succeed on an ineffective assistance of counsel claim, a defendant must demonstrate both: (1) "that his counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Rossetti v. United States*, 773 F.3d 322, 327 (1st Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. at 687). Under the first prong, "we indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, finding deficiency only where, given the facts known to counsel at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." *Id., at* 327 (quoting *Knight v. Spencer*, 447 F.3d 6, 15 (1st Cir. 2006)(internal quotation marks omitted)). Under the prejudice prong, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694).

---

[6] Generally, petitioner claims that counsel informed him that he would only be "facing sixty (60) months of incarceration." **ECF No. 6** at 6.

Petitioner claims that he "thought he accepted a plea where he faced a 60-month[]

sentence for the firearm and should be resentence[d] accordingly."[7] **ECF No. 6** at 7. Yet, the

record tells a whole different story.

First of all, petitioner contends he was "prejudiced by counsel ill-advised representations

at the plea negotiations." **ECF No. 6** at 6. Contrary to his allegations, as noted by the First Circuit,

petitioner "did well in his negotiations." *United States v. Díaz-Concepción*, 860 F.3d at n.1.

Petitioner, through counsel, managed to reduce the firearm charge during negotiations leaving

out the fact that it was machine gun. In doing so, as recognized by the First Circuit, petitioner

dodged a mandatory minimum sentence of 30 years of imprisonment. *Id*.

Second, petitioner posits he was informed by counsel that "by pleading guilty to 924(c)…

petitioner was facing sixty (60) months of incarceration. At no time, petitioner was appraised

that the minimum he was facing was 8 years." **ECF No. 6** at 6. This statement is contradicted by

the record. According to the First Circuit, "[i]n the plea agreement, [petitioner] attested as

follows: I have read this [agreement] and carefully reviewed every part of it with my attorney.

I fully understand this [agreement] and voluntarily agree to it." *United States v. Díaz-Concepción*,

860 F.3d at 34. Moreover, petitioner appeared at a plea hearing. During the plea hearing, the

---

[7] Petitioner stated that "the issue raised under ineffective assistance of counsel is that he accepted responsibility for possessing a firearm under 924(c)… Later the Supreme Court questioned the 924(c) statute." **ECF No. 6** at 3. If the Court were to take petitioner's argument literally, the Court would deny his "ineffective assistance of counsel" claims for the same reasons discussed in the previous section of this Opinion and Order stating why petitioner is not entitled to *Johnson* relief. However, giving his pro se status, the Court will liberally construe petitioner's arguments and go beyond petitioner's claims under *Johnson*.

"judge first made sure [petitioner] was competent and that he understood the proceedings" and "showed him his signed agreement, and received his assurance that he had signed it voluntarily and with the advice of counsel. Defense counsel verified that she had explained the agreement… and [petitioner] confirmed that he was fully satisfied with the legal advice and representation he had received." *Id.*, at 35.

Having established that petitioner understood and agreed to the terms of the Plea Agreement, the Court notes that the Plea Agreement clearly sets forth the statutory maximum penalties ("imprisonment of life"). **Crim. No. 15-281 (CCC), ECF No. 4** at 1. It further states "[petitioner] understands that the sentence will be left to the sound discretion of the Court" and that the "parties agree that the United States reserves **the right to recommend a sentence not to exceed then (10) years of imprisonment, while [petitioner] reserves the right to recommend a sentence as low as seven (7) years of imprisonment."** *Id.*, at 4 (emphasis added).[8] The parties acted accordingly during petitioner's sentencing requesting ten years and seven years, respectively.  Noting the benefits petitioner gained from negotiations (omitting that the firearm was a machine gun), "the court then imposed a sentence of eight years," "comfortably within the range of [the] recommendations." *United States v. Díaz-Concepción*, 860 F.3d at 34, 36.

Therefore, the Court cannot accept petitioner's argument stating that he though he would be sentenced to five years of imprisonment, considering the fact that that number was not even

---

[8] Petitioner, through counsel, argued in his sentencing memorandum "84 months in prison is sufficient but not greater than necessary." **Crim. No. 15-281 (CCC), ECF No. 21**.

considered in petitioner's sentence recommendation. Neither can the Court, in light of the record, give credit to petitioner's claim that he "was never appraised" that could face a sentence of 8 years of imprisonment. Eight years is obviously between the seven years the defense was asking for and the ten-year sentence the government announced it would recommend at sentencing.

Finally, according to the sentencing hearing transcripts, petitioner's counsel went on to argue that seven years of imprisonment was an appropriate sentence, as announced in the Plea Agreement. As a matter fact, counsel reiterated the defense's request for seven years of imprisonment on more than five times during the defense's allocution. **Crim. No. 15-281 (CCC), ECF No. 43** at 5-7. Immediately after, petitioner stated "I know I committed this crime and **I have to serve my time**." *Id.*, at 7 (emphasis added).

Thus, petitioner's ineffective assistance of counsel claims are contradicted by the record and fail to meet *Strickland*'s requirements.

## IV.     Conclusion

In light of the above, the motion to dismiss at **ECF No. 3** is hereby **GRANTED** and petitioner's § 2255 petition at **ECF No. 1** is **DISMISSED**. Clerk of Court shall enter judgment accordingly.

## V.     Certificate of Appealability

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the

applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). Considering all the above, the Court **DENIES** the

COA.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 18th day of March, 2022.

                                                      **S/AIDA M. DELGADO-COLÓN**
                                                      **United States District Judge**